THE STATE, EX REL. HUNTER, APPELLANT, v. ERICKSON, MAYOR,
ET AL., APPELLEES.

[Cite as State, ex rel. Hunter, v. Erickson, 12 Ohio St. 2d 116.]

(No. 41003—Decided December 27, 1967.)

118

*Mr. Norman Purnell* and *Mr. Bernard R. Roetzel*, for appellant.

*Mr William R. Baird,* director of law, and *Mr. Alvin C. Vinopal,* for appellees.

TAFT, C. J.   It is first contended that the ordinance involved in the instant case is not, within the meaning of Section 137 of the Akron charter, one "which regulates," because it prohibits certain acts, including the discrimination against relator that is alleged in the petition.   However, as stated in paragraph two of the syllabus of *West Jefferson* v. *Robinson* (1965), 1 Ohio St. 2d 113, 205 N. E. 2d 382: "The power given to municipalities by Section 3 of Article XVIII to adopt and enforce local police regulations includes the power by such regulations to prohibit." Actually, if it did not include that power, there would be a very serious question as to whether the prohibitory parts of the ordinance that are relied upon by relator ever had any validity, notwithstanding our holding in *Porter* v. *Oberlin, supra* (1 Ohio

St. 2d 143), that similar prohibitory parts of the ordinance there involved were valid.

It is obvious therefore that, if Section 137 of the Akron charter is valid, its words require the conclusion that the ordinance relied upon by relator has ceased to be effective. Admittedly, that ordinance was in effect when that charter section was adopted and that ordinance has never been approved by the electors.

Relator contends that Section 137 of the Akron Charter is invalid by reason of Article XIV of the Amendments to the Constitution of the United States. In support of this contention, relator relies upon *Reitman* v. *Mulkey* (1967), 387 U. S. 369, 18 L. Ed. 830, 87 S. Ct. 1627.

That case dealt with a state constitutional provision which prohibited the state or any agency of the state from denying, or limiting "the right of any person * * * to decline to sell, lease or rent * * * property to such person or persons as he, in his absolute discretion, chooses."

Obviously, Section 137 of the Akron Charter does not do this. Notwithstanding its provisions, the legislative authority of Akron may still enact legislation denying or limiting the so-called right referred to in the California constitutional provision, and such legislation would become effective on approval thereof by the electors of Akron.

Under Section 7 of Article XVIII of the Ohio Constitution, a municipality is specifically authorized to "frame and adopt or amend a charter for its government and" to "exercise thereunder all powers of local self-government."

It may reasonably be argued that the equal-protection clause of the Fourteenth Amendment to the Constitution of the United States would prevent Akron by its charter from exercising thereunder powers of local self-government so as to require prior voter approval only with respect to the kind of ordinances described in Section 137 of its charter.

In our opinion, that constitutional provision would not prevent such a charter requirement, if we can reasonably conclude that ordinances of the kind described in Section 137 of the Akron Charter may reasonably require such a different treatment

than other ordinances. In other words, the question is whether the classification of such ordinances, so as to require voter approval thereof instead of enabling them to become effective as do other ordinances, represents a reasonable classification. In our opinion, it does. Thus, as stated in the majority opinion in *Porter* v. *Oberlin, supra* (1 Ohio St. 2d 143), at 152:

"Certainly, a legislative body is not unreasonable because it elects to proceed slowly in such an emotionally involved field as race relations." See also *Chicago Real Estate Board* v. *Chicago* (1967), 36 Ill. 2d 530, 224 N. E. 2d 793.

Likewise, since all the legislative power of a municipality is inherent in its people (See Section 2, Article I and Article XVIII of the Ohio Constitution), they are not unreasonable because they elect to proceed slowly in that field.

Thus, our conclusion is that Section 137 of the Akron Charter does not conflict with Article XIV of the Amendments to the Constitution of the United States.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., concurs in the judgment on the basis of Judge Guernsey's concurring opinion in *Porter* v. *Oberlin,* 1 Ohio St. 2d 143, at page 154.